UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roland Robinson, #128250, | ) C/A No. 3:09-1615-JFA-JRM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| State of South Carolina;<br>Georgetown County, | ) |
| Defendants. | ) |

### *Background of this Case*

The plaintiff is an inmate at the Turbeville Correctional Institution. Information disclosed in the plaintiff's pending habeas corpus action, *Roland Robinson v. Warden Gregory Knowlin*, Civil Action No. 3:09-1529-JFA-JRM, which was filed on June 10, 2009, indicates that the plaintiff is serving a twelve-year sentence for distribution of crack cocaine and distribution of cocaine within the proximity of a school. His sentences were entered in the Court of General Sessions for Georgetown County on December 1, 2006. The petitioner's convictions were entered in October of 1997. The petitioner was **not** present for the trial. The petitioner's direct appeal was dismissed by the South Carolina Court of Appeals on August 20, 2007, because there was no transcript. The Supreme Court of South Carolina in April of 2009 affirmed the decision of the South Carolina Court of Appeals:

1

**PER CURIAM:** We granted certiorari to review the Court of Appeals' order dismissing petitioner's direct appeal. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Serrette, 375 S.C. 650, 654 S.E.2d 554 (Ct. App. 2007) (dismissing direct criminal appeal in case where appellant was arrested on a bench warrant over ten years after his trial *in absentia*; the Court of Appeals found that Serrette's actions in remaining a fugitive and resulting destruction of the trial transcript justified appellate sanction of dismissal).

**AFFIRMED.**

**WALLER, ACTING CHIEF JUSTICE, PLEICONES, BEATTY, JJ., and Acting Justices James E. Moore and Donna S. Strom, concur.**

*State v. Robinson*, Memorandum Opinion No. 2009-MO-020 (S.C., April 27, 2009), which is available on the South Carolina Judicial Department website. In an order filed in Civil Action No. 3:09-1529-JFA-JRM on June 15, 2009, the undersigned directed the respondent to file an answer to the Section 2254 petition.[1]

In the case at bar, the plaintiff is *not* challenging the convictions for which he is now serving his current prison sentence. Instead, the plaintiff is contending that he was wrongfully convicted and imprisoned in 1985 and in August of 1993. The plaintiff is not currently in custody on those earlier convictions. The plaintiff states that he can bring this case pursuant to a Fourth Circuit case decided on July 25, 2008. The plaintiff is obviously referring to the decision of the United States

---

[1]In this civil rights action, this court may take judicial notice of Civil Action No. 3:09-1529-JFA-JRM. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

2

Court of Appeals for the Fourth Circuit in *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008). The plaintiff seeks $1,000,000 for the "excessive time served."

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[2] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir.

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Notwithstanding the holding in *Wilson v. Johnson*, the State of South Carolina is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Virginia v. Reinhard*, ___ F.3d ___, 2009 U.S.App. LEXIS 11737, 2009 WL 1524451 (4th Cir., June 2, 2009); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

Georgetown County is entitled to summary dismissal because it is not responsible for actions taken by any state courts within Georgetown County. Hence, Georgetown County is not responsible for any alleged constitutional violations with respect to the plaintiff's criminal cases. The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* S.C. Const. Article V, § 1 ("The judicial power shall be vested in a

unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); *Cort Industries Corp. v. Swirl, Inc.*, 264 S.C. 142, 213 S.E.2d 445, 446 (1975); and *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).[4] The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. *See Bailey v. State*, 309 S.C. 455, 424 S.E.2d 503 (1992).

It can be judicially noticed that, in South Carolina, a county's authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was ratified in 1973. *See* Act No. 58, 1973 S.C. Acts 161; S.C. Const. Art. V, § 1; and *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 217 S.E.2d at 24.

Under the current version of Article V, Section 1, the Supreme Court of South Carolina, not Georgetown County, retains the *sole* authority to supervise magistrates' courts, municipal courts in Georgetown County, and the Circuit Court for Georgetown County. *See Spartanburg County Dept. of Social Services v. Padgett*, 296 S.C. 79, 370 S.E.2d 872, 875-76 & n. 1 (1988). By virtue of Article V, Georgetown County does not exercise administrative or supervisory authority over municipal courts, magistrates' courts, or courts of the State of South Carolina located within the geographical boundaries of Georgetown County. Consequently, Georgetown County is not a proper

---

[4]County courts in the State of South Carolina no longer exist. Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented. *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

5

party defendant because it has no authority over the State of South Carolina's unified judicial system and is not responsible for the alleged violations of the plaintiff's rights during the relevant times at issue in the above-captioned case.[5]

*Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The State of South Carolina is immune from suit under the Eleventh Amendment and the plaintiff seeks monetary damages from it. See 28 U.S.C. § 1915A. Hence, it is also recommended that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). The plaintiff's attention is directed to the Notice on the next page.

June 30, 2009                    Joseph R. McCrorey
Columbia, South Carolina         United States Magistrate Judge

---

[5]Similarly, Georgetown County cannot be held liable for actions of the Fifteenth Circuit Solicitor's Office in the plaintiff's criminal cases because it does not hire or supervise the Solicitor, who "hires and fires" Assistant Solicitors. *Anders v. County Council for Richland County*, 284 S.C. 142, 325 S.E.2d 538 (1985).

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).